UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10162-GAO

UNITED STATES OF AMERICA,

v.

ELDER BAPTISTA-TEIXEIRA,
Defendant.

OPINION AND ORDER
June 23, 2023

O'TOOLE, D.J.

The defendant, Elder Baptista-Teixeira, moves pursuant to 28 U.S.C. § 2255 to vacate his felon-in-possession conviction under 18 U.S.C. 922(g)(1) in reliance on Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019). In that case, the Supreme Court held for the first time that, to sustain a conviction under § 922(g), the government must prove that the defendant not only knowingly possessed a firearm but also that he knew he belonged to a category of persons whom the statute prohibits from carrying a firearm. The latter element is sometimes referred to as the "scienter-of-status" element.

The defendant argues in relevant part that his plea was constitutionally invalid because he was not adequately informed at his plea hearing of the scienter-of-status element of his crime and consequently did not expressly admit to every element of the offense. He contends that he was prejudiced by the omission because there is a reasonable probability he would not have pled guilty had he been so informed. In particular, he did not expressly admit that he knew he was a person who had "been convicted in any court of[] a crime punishable by imprisonment for a term

exceeding one year" when he possessed the firearms and ammunition, an element of the offense under Rehaif.

During the change of plea hearing, the defendant admitted that, prior to the occasion of his carrying of the firearms and ammunition, he had been convicted in the Massachusetts Superior Court of armed robbery and conspiracy offenses. In the course of his plea to those state offenses, the defendant was informed by the presiding judge that he was pleading guilty to crimes punishable by up to life imprisonment—plainly "a term exceeding one year." The defendant was actually sentenced on the prior state offenses to a term of imprisonment of two and a half years—plainly "a term exceeding one year."

Given this history, there is no reasonable probability that the defendant would have elected in this case to go to trial on his § 922(g)(1) charge had he been informed that the government had to prove the scienter-of-status element. The state court record demonstrates that *in fact* he had the requisite scienter at the time he possessed the firearms and ammunition because he necessarily knew the potential punishments for the state crimes exceeded one year. See, e.g., United States v. Patrone, 985 F.3d 81, 83–84 (1st Cir. 2021); United States v. Burghardt, 939 F.3d 397, 403–04 (1st Cir. 2019); Nunez v. United States, No. 1:14-CR-00130-JAW-1, 2021 WL 5494516, at *11 (D. Me. Nov. 22, 2021); United States v. Sanchez, No. CR 11-30031-WGY, 2021 WL 5138471, at *4–5 (D. Mass. Nov. 4, 2021); see also Greer v. United States, 141 S. Ct. 2090, 2097 (2021) ("If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." (quotations omitted)). The federal plea colloquy that omitted specific reference to the scienter element did not affect his substantial rights because he plainly knew his state conviction satisfied the omitted element.

The defendant's Motion to Vacate (dkt. no. 84) is therefore DENIED. A certificate of appealability shall not issue. <u>See</u> 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
United States District Judge